[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO TERMINATE ALIMONY DATED AUGUST 15, 2000 AND DEFENDANT'S MOTION FOR CONTEMPT DATED JUNE 25, 2001
Many of the facts that give rise to these two motions are not in dispute. The marriage between the parties was dissolved by Memorandum of Decision dated December 15, 1984. On the date of dissolution, the plaintiff had a gross weekly income of $925 and a net weekly income of $600. He was forty-one years of age. On the date of dissolution, the defendant was unemployed. She was also forty-one years of age. On the date of dissolution, the parties owned the family home with a fair market value of $125,000 and a mortgage with an approximate balance of $36,000. Title to that home located at 782 Cornwall Avenue, Cheshire, Connecticut was ordered to remain with the defendant subject to the existing encumbrance and also subject to a claim in favor of the plaintiff in the amount of $10,000 without interest to be paid upon sale of the premises or remarriage of the defendant. The defendant has not remarried, the premises have not been sold, and the $10,000 is still due and outstanding under the same terms and conditions of the original decree. A Camero automobile with a value of $8,500 was ordered transferred to the defendant clear of any liens. A 1979 Plymouth with a value of $2,000 remained owned by the plaintiff. The plaintiff was ordered to pay to the defendant counsel fees in the amount of $1,750. He was also ordered to pay alimony in the amount of $1,800 per month until May 31, 1989. Thereafter, the alimony was reduced to $1,000 per month. On the day of dissolution, the plaintiff had basic weekly expenses of $135. He was living with his mother and did not have any rent, mortgage or utility payments. He had liabilities totaling $3,400. He had a pension plan that he retained with Owens-Corning with a total value of $4,000. On the date CT Page 8641 of dissolution, the defendant had total weekly income from a trust of $115.38. She had liabilities that totaled $3,600. Her total weekly expenses were $706.50.
The Court finds the following additional facts:
As a result of health problems, the plaintiff has had a variety of employment since the date of dissolution. He is now employed at the Lowe's Home Center with a gross weekly income of $289.99 and a net weekly income of $222.62. He has made reasonable attempts to find employment that would pay him a higher salary but has not been successful. Following a seizure that he had at home, he was placed on short term disability. Commencing in February of 1999, he was placed on long term disability for a two year period. As of June 28, 2001, he was $5,000 in arrears in his alimony payments. He has held his present employment since March 14, 2001. He cashed in his pension benefits and received approximately $100,000. His new wife received approximately $100,000 from equity in a home that she had owned prior to the time she married the plaintiff. Those combined funds totaling $200,000 were used to purchase a new home in Florida. He recently transferred his half interest in that new home to his current wife. That home has a fair market value of $210,000. His mother lives with him and contributes $300 per month towards his weekly expenses. His current wife has a total monthly income of $2,000 which is also used to contribute to his weekly expenses. His total current weekly expense is $916.55. He has liabilities totaling $8,200. He owns a 1999 Dodge with a value of $18,000 and a loan balance of $12,000 and equity of $6,000. He has personal property owned jointly with his wife with a total value of $20,000. He has a checking account at Sun Trust with a balance of $45. He has a Vanguard mutual fund with a total value of $32,000.
The defendant continues to be unemployed. The defendant also has some physical impairments suffered during the previous year which causes her problems with walking, fatigue and pain. She receives $625 gross weekly income from stocks, bonds and mutual funds that she now owns. The total value of that portfolio is $692,975. Her present gross weekly expenses amount to $1,260. She owns a 1994 BMW with a value of $18,500 and no loan balance. The family home that she still occupies at 782 Cornwall Avenue, Cheshire, Connecticut has a present fair market value of $230,000 and a mortgage balance of $75,000 and equity of $155,000.
The threshold question is whether there has been a substantial change of circumstances since the date of dissolution. The Court finds that the defendant's inheritance from her father in 1991 which constitutes the $692,975 portfolio constitutes a substantial change in circumstances.
The burden of proving inability to pay regarding the $5,000 arrearage CT Page 8642 is upon the plaintiff. The Court finds that he has failed to meet that burden of proof based on the fact that he has a Vanguard mutual fund with a value of $32,000. The Court, therefore, finds that he is in contempt of court. The Court enters the following orders:
 ORDERS
(1) Alimony is reduced from $1,000 per month to $250 per month effective on the date this decision is filed.
(2) The plaintiff is ordered to pay to the defendant within thirty days from the date this decision is filed the $5,000 arrearage.
(3) Counsel fees are awarded to counsel for the defendant in the amount of $500 which is to be paid within thirty days from the date this decision is filed.
(4) The parties are ordered to exchange copies of their federal and state income returns within thirty days after such returns are filed for so long as there is an outstanding alimony order or any arrearage related thereto commencing for the calendar year 2001.
 _____________________ AXELROD, JUDGE